UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

STACY BROWN,
    Plaintiff

vs

COMMISSIONER OF
SOCIAL SECURITY,
    Defendant

Case No. 1:09-cv-901
Weber, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

This matter is before the Court on plaintiff's motion for attorney fees and costs under the Equal Access to Justice Act (EAJA) (Doc. 21) and the Commissioner's response in opposition (Doc. 22).

The EAJA provides for an award of attorney fees to a party who prevails in a civil action against the United States "when the position taken by the Government is not substantially justified and no special circumstances exist warranting a denial of fees." *Bryant v. Commissioner of Soc. Sec.*, 578 F.3d 443, 445 (6th Cir. 2009) (citing 28 U.S.C. § 2412(d)(1)(A)). Title 28 U.S.C. § 2412(a)(1) provides for an award of costs to the prevailing party.

On September 17, 2010, a Report and Recommendation was issued recommending that plaintiff's case be reversed and remanded for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g). (Doc. 17). On December 9, 2010, the District Court adopted the Report and Recommendation and issued a final appealable order. (Doc. 19). Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(B), an application for attorney fees and other expenses must be submitted within thirty (30) days of final judgment. The EAJA defines a final judgment as "a judgment that is final and not appealable." 28 U.S.C. § 2412(d)(2)(G); *see Buck v.*

*Secretary of Health and Human Serv.*, 923 F.2d 1200, 1202 (6th Cir. 1991). The thirty-day clock begins to run after the time to appeal the final judgment has expired. *See Melkonyan v. Sullivan*, 501 U.S. 89, 96 (1991). Plaintiff's application for attorney fees was filed on March 9, 2011, and was therefore timely. (Doc. 21). This matter is now ripe for a decision on plaintiff's motion for fees.

> The EAJA provides:
>
> A court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Thus, eligibility for a fee award under EAJA requires: (1) that the claimant be the prevailing party; (2) that the government's position was not substantially justified; and (3) that no special circumstances make the award unjust.

**Prevailing Party**

The Equal Access to Justice Act allows for an award of attorney fees if the party is the "prevailing party." 28 U.S.C. § 2412(d)(1)(B). A "party" is any individual whose net worth did not exceed $2,000,000 at the time the civil action was filed. 28 U.S.C. §2412(d)(2)(B)(i). It is undisputed that at the time this action was filed, plaintiff's net worth was less than $2,000,000. Moreover, plaintiff became the "prevailing party" when she obtained a reversal and remand for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g). *See Shalala v. Schaefer*, 509 U.S. 292, 300-302 (1993) (social security claimant who obtains a Sentence Four judgment reversing denial of benefits and requiring further proceedings is "prevailing party" for purposes

of EAJA).

**Substantial Justification**

To be "substantially justified," the United States must show that it had a reasonable basis in law and in fact to undertake the challenged action. *Pierce v. Underwood*, 487 U.S. 552 (1988). The "substantial evidence" standard is not the same as the "substantial justification" standard under EAJA. The government's position "can be justified even though it is not correct . . ., and it can be substantially (*i.e.*, for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Id.* at 566 n. 2. The Sixth Circuit has held that even though the government's position was not supported by substantial evidence, that fact "does not foreclose the possibility that the position was substantially justified. Indeed, Congress did not want the 'substantially justified' standard to be read to raise a presumption that the Government position was not substantially justified simply because it lost the case. . . ." *Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004) (internal citations and quotation marks omitted). Rather, under EAJA, substantial justification means the government's position was "justified in substance or in the main." *Pierce*, 487 U.S. at 565. In other words, the Court must determine whether the government's position was justified in law and in fact to a degree that would satisfy a reasonable person. *Id*. *See also Perket v. Secretary of Health and Human Servs.*, 905 F.2d 129, 132 (6th Cir. 1990); *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989). The Court must examine the government's litigation position as a whole to determine whether it had a reasonable basis in law and fact. *Cf. Commissioner, INS v. Jean*, 496 U.S. 154, 161-62 (1990) ("While the parties' positions on individual matters may be more or less justified, the EAJA--like other fee-shifting statutes--favors treating a case as an inclusive whole, rather than as atomized

line-items.").

It is the government's burden under EAJA to prove that its position was substantially justified. *See Scarborough v. Principi,* 541 U.S. 401, 414-15 (2004).  The "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D).

In the present case, the Court determined that the decision of the ALJ lacked substantial support in the record for the following reasons.  First, the Court determined that the ALJ committed a number of errors with regard to the weight given the opinion of the treating physician, Dr. Pledger, and the other medical evidence. (Doc. 17 at 8-10).  Second, the Court determined that the ALJ failed to consider the opinion of plaintiff's treating mental health therapists and made unfounded assumptions regarding the psychological opinion evidence. (*Id*. at 10-12).  The Court found that "the treatment records reflect multiple mental health limitations (depression, bi-polar disorder, anxiety and panic attacks) that may impact plaintiff's daily activities independent of her physical impairments" and that her GAF scores ranged from 50-55; however, it was not clear from the record whether the ALJ applied the factors set forth in SSR 06-03p to evaluate the various opinions concerning plaintiff's mental impairment and limitations. (*Id.* at 11-12).  Third, the Court found that further consideration of the impact of plaintiff's obesity was required because of issues concerning the findings in this regard. (*Id*. at 12).

In arguing that his position was substantially justified for purposes of plaintiff's EAJA fee application, the Commissioner asserts: (1) the ALJ's decision shows he factored plaintiff's obesity into his RFC determination; (2) there was no medical opinion from a treating source that

4

contradicted the ALJ's findings as to plaintiff's mental limitations, and the only contradictory opinion from a non-medical source was not entitled to controlling weight; and (3) the ALJ properly analyzed the medical opinions regarding plaintiff's physical impairments.

The Commissioner's position lacks a reasonable basis in law and does not support a finding of substantial justification. The Court previously found that the ALJ committed several errors in evaluating the medical evidence of record, including failing to explain why the medical consultant's opinion was better supported than contrary opinions. The Court found that the ALJ's reliance on the medical consultant's opinion "does not conform with the regulations, a particularly glaring deficiency in light of the date of the consultant's review." (Doc. 17 at 8). This Court has refused to find the government's position to be "substantially justified" when an ALJ fails to apply the correct legal standard or to comply with the applicable regulations. *See Meyers v. Heckler*, 625 F. Supp. 228, 235 (S.D. Ohio 1985); *Howard v. Heckler*, 581 F. Supp. 1231, 1233-34 (S.D. Ohio 1984). *See also Gutierrez v. Barnhart,* 274 F.3d 1255, 1259 (9th Cir. 2001) (government's position not substantially justified where ALJ failed to comply with applicable Social Security regulation); *Fraction v. Bowen,* 859 F.2d 574, 575 (8th Cir. 1988) (claimant entitled to EAJA fees where government acted "contrary to clearly established circuit precedent"); *Williams v. Sullivan,* 775 F. Supp. 615, 618-19 (S.D.N.Y. 1991) (government's position was not substantially justified given established Second Circuit law). In addition, the Court found the ALJ erred by giving significant weight to the opinion of the non-examining orthopedic medical expert, Dr. Brahms, that plaintiff was capable of light work because Dr. Brahms' testimony contained several errors, he relied on incomplete information, and he did not take into account plaintiff's mental impairments or the effect of her obesity on her pain level.

(Doc. 17 at 8-9). The Commissioner fails to address these issues in his brief in response to plaintiff's EAJA petition. The Court cannot conclude the Commissioner's position had a reasonable basis in law or fact in this regard.

Moreover, the Commissioner argues that "all of the medical opinions of Plaintiff's mental functioning were consistent with the ALJ's decision" and that the only contradictory opinion came from a non-treating source who was not entitled to controlling weight. (Doc. 22 at 6-7). However, the Commissioner fails to address the clear errors which the Court found the ALJ committed in evaluating the psychological evidence of record, including failing to consider the opinion of plaintiff's treating mental health therapist; discounting plaintiff's mental limitations without support in the record for doing so; and failing to properly evaluate the opinion of plaintiff's therapist and the other opinions concerning plaintiff's claimed mental impairment and limitations as required under SSR 06-03p. (Doc. 17 at 10-12). As the ALJ failed to evaluate the evidence of plaintiff's alleged severe mental impairments and limitations as required under the Social Security rules and regulations, the Commissioner's position in this regard lacks a reasonable basis in law and is not substantially justified. *See Meyers*, 625 F. Supp. at 235; *Howard*, 581 F. Supp. at 1233-34; *Gutierrez,* 274 F.3d at 1259; *Fraction,* 859 F.2d at 575; *Williams,* 775 F. Supp. at 618-19.

The Commissioner has not met his burden of proving substantial justification for his position in this case. The Court, therefore, finds that the Commissioner's position in this matter was not substantially justified.

**Special Circumstances**

No evidence in the record suggests that special circumstances bar a fee award here, and

the Court, after carefully reviewing the record, finds none. *See* 28 U.S.C. § 2412(d)(1)(A).

Accordingly, the Court turns to an analysis of the amount of fees to which plaintiff's counsel is entitled.

**Calculation of Fee Award**

EAJA authorizes an award of reasonable fees as follows:

> The amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines than an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A).

Plaintiff requests an award of fees in the amount of $4,537.50. Plaintiff has not requested any amount of expenses.[1] Plaintiff requests an hourly attorney fee of $165.00, representing the $125.00 hourly rate set by the EAJA statute adjusted for inflation based on cost of living increases since enactment of the EAJA. (Doc. 21 at 3-4).

Plaintiff has failed to justify an increase in the hourly rate. In *Bryant,* the Sixth Circuit clarified a plaintiff's burden of proof in seeking an increase to the EAJA statutory hourly rate:

> In requesting an increase in the hourly-fee rate, Plaintiffs bear the burden of producing appropriate evidence to support the requested increase. *See Blum v. Stenson,* 465 U.S. 886, 898, (1984) (considering attorney fees under § 1988, the Court stated, "[t]he burden of proving that such an adjustment is necessary to the determination of a reasonable fee is on the fee applicant"). *Plaintiffs must "produce satisfactory evidence- in addition to the attorney's own affidavits- that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."* *Id.* at 895 n.

---

[1] Counsel states that Schedule A attached to the Application contains an itemization of costs and expenses. (Doc. 21 at 2, Affidavit of Lisa Hollifield). However, Schedule A lists only counsel's time record and requested fee. (Doc. 21, Schedule A).

11.

578 F.3d at 450 (emphasis added). Counsel for the plaintiff in *Bryant* submitted the Department of Labor's Consumer Price Index to support his request for an increase in the statutory hourly rate based on inflation. In addition, counsel argued that evidence submitted in previous petitions for fees under the EAJA supported his request for an increase in the hourly rate. The Sixth Circuit found this evidence to be insufficient to justify an increase in the hourly rate and affirmed the District Court's refusal to award fees above the EAJA's $125 statutory cap:

> Here, Plaintiffs failed to meet their burden of proof, and the district court, in each case, appropriately noted the lack of proffered evidence. In fact, in both cases, Plaintiffs submitted only the Department of Labor's Consumer Price Index, arguing that the rate of inflation supported an increase in fees. This is not enough, and the district court did not abuse its discretion in denying Plaintiffs' requests.

*Id.*

This Court recognizes that in the present case, the Commissioner has not objected to the hourly rate requested by counsel for plaintiff. Nor does the requested hourly rate appear unreasonable. Nevertheless, the *Bryant* decision makes clear that plaintiff must do more than submit her attorney's affidavit to justify an increase in the statutory EAJA rate. Plaintiff must produce evidence that the hourly rate requested is in keeping with the prevailing rate in the community "for services by lawyers of reasonably comparable skill, experience, and reputation." *Id.* A mere passing reference to increased fees awarded in prior cases, or argument that an increase should be based on increased cost of living, is insufficient to warrant an increase beyond the statutory maximum attorney fee rate. *Id.*

In this case, counsel for plaintiff has not proffered any evidence to support an increased hourly rate. Counsel has not submitted any evidence of her own customary hourly rate or the

8

prevailing rate in the local community charged by Social Security practitioners of similar skill, experience, and reputation.  In addition, counsel has not submitted any evidence on the requested cost-of-living increase.  Therefore, the Court is constrained to limit the hourly fee to the statutory rate of $125.00.

The Court next turns to a discussion of the applicable hours plaintiff's counsel worked relative to the Sentence Four remand, *i.e.*, the hours to which the $125.00 hourly rate shall be applied.  Counsel submits that 27.50 hours of attorney time was spent on this case before the District Court.  The Commissioner raises several objections to the number of hours expended by counsel.  First, the Commissioner objects that two hours to prepare and file the complaint in this matter was excessive because the complaint is a five-paragraph document consisting of mostly boilerplate recitations.  The Court agrees and finds one hour to be a reasonable amount of time for preparation and filing of the complaint.  The number of compensable hours should therefore be reduced by one hour to account for the excessive amount of time spent preparing and filing the complaint.

Second, the Commissioner contends that counsel should not be compensated for one-half hour of time devoted to preparing and filing a motion for extension of time, arguing that an inability to meet filing deadlines is not reasonably necessary and reimbursement for such time is not appropriate.  The Court takes judicial notice that both plaintiffs and the Commissioner routinely request extensions of time in Social Security matters in light of their heavy caseloads and other commitments and that such extensions are routinely granted.  The Court further notes that the Commissioner requested an extension of time in this case.  (Doc. 15).  At the same time, the Court finds that 30 minutes in attorney fees related to one perfunctory motion for extension

of time is not reasonable. Thus, although counsel should be compensated for preparing the motion for extension of time, the amount of compensable time for this routine task should be reduced by 15 minutes.

Third, the Commissioner objects to plaintiff's request that counsel be compensated for five hours of time spent preparing a five-page reply brief on the ground that the brief mainly rehashed arguments from the Statement of Errors. A review of the reply brief shows that counsel addressed the specific arguments raised by the Commissioner in the response to plaintiff's statement of errors. However, in support of her arguments, counsel set forth the medical evidence and citations to the record which she had previously included in the Statement of Errors. Accordingly, five hours is an excessive amount of time for preparation of the reply brief. The Court finds that three hours is a reasonable amount of time for counsel to be compensated for preparing the reply brief, and the amount of compensable time should therefore be reduced by two hours.

Finally, the Commissioner objects to plaintiff's request that counsel be compensated for 15 minutes spent reviewing the standard order from Judge Weber adopting the Report and Recommendation, particularly since plaintiff spent the same amount of time reviewing the actual Report and Recommendation. The Court finds that the minimal amount of time charged for this task is reasonable and that the number of compensable hours should not be reduced on this basis.

The Court has reviewed the remaining number of hours submitted by counsel and finds such hours reasonable and relevant to the prosecution of this matter. Compensation for the reduced number of hours, 24.25 hours, at the $125.00 hourly rate yields an attorney fee of $3,031.25. Accordingly, the Court finds such a fee is reasonable and should be awarded under

EAJA.  The award is payable to plaintiff rather than plaintiff's counsel.  *See Astrue v. Ratliff*, __ U.S. __, 130 S.Ct. 2521, 2529 (2010).

The Court therefore **RECOMMENDS** that the EAJA fee petition be **GRANTED** and that plaintiff be **AWARDED** $3,031.25 in attorney fees.


Date : 10/6/2011                             s/Karen L. Litkovitz
                                             Karen L. Litkovitz, U.S. Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

STACY BROWN,  
    Plaintiff

Case No. 1:09-cv-901  
Weber, J.  
Litkovitz, M.J.

vs

COMMISSIONER OF
SOCIAL SECURITY,  
    Defendant

**NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).